## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEGAL EAGLE, LLC | * | |
| 1680 Irving Street, NW | * | |
| Washington, DC  20010, | * | |
| | * | |
|     Plaintiff, | * | |
| | * | |
|     v. | * | |
| | * | |
| COUNCIL OF THE INSPECTORS | * | |
| GENERAL ON INTEGRITY AND | * | |
| EFFICIENCY | * | |
| 1717 H Street, NW | * | |
| Suite 825 | * | |
| Washington, DC  20006 | * | |
| | * | |
|     and | * | |
| | * | |
| CENTRAL INTELLIGENCE AGENCY | * | |
| Washington, DC  20505, | * | Civil Action No. 1:20-cv-02896 |
| | * | |
|     and | * | |
| | * | |
| DEPARTMENT OF DEFENSE | * | **COMPLAINT** |
| 1400 Defense Pentagon | * | |
| Washington, DC  20301, | * | |
| | * | |
|     and | * | |
| | * | |
| DEPARTMENT OF EDUCATION | * | |
| 400 Maryland Avenue, SW | * | |
| Washington, DC  20202, | * | |
| | * | |
|     and | * | |
| | * | |
| DEPARTMENT OF HEALTH AND | * | |
| HUMAN SERVICES | * | |
| 200 Independence Avenue, SW | * | |
| Washington, DC  20201, | * | |
| | * | |
|     and | * | |
| | * | |

DEPARTMENT OF HOMELAND            *
SECURITY                          *
Washington, DC  20528,            *
                                  *
    and       *
                                  *
DEPARTMENT OF THE INTERIOR        *
1849 C Street, NW                 *
Washington, DC  20240,            *
                                  *
    and       *
                                  *
DEPARTMENT OF JUSTICE             *
950 Pennsylvania Avenue, NW       *
Washington, DC  20530,            *
                                  *
    and       *
                                  *
DEPARTMENT OF STATE               *
2201 C Street, NW                 *
Washington, DC  20520,            *
                                  *
    and       *
                                  *
DEPARTMENT OF TRANSPORTATION      *
1200 New Jersey Avenue, SE        *
Washington, DC  20590,            *
                                  *
    and       *
                                  *
OFFICE OF THE DIRECTOR OF         *
NATIONAL INTELLIGENCE             *
Washington, DC  20511,            *
                                  *
    and       *
                                  *
UNITED STATES AGENCY FOR          *
INTERNATIONAL DEVELOPMENT         *
1300 Pennsylvania Avenue, NW      *
Washington, DC  20523,            *
                                  *
    Defendants. *
                                  *

*      *      *      *      *      *      *      *      *      *      *      *      *

2

Plaintiff Legal Eagle, LLC brings this action against Defendants Council of the Inspectors General on Integrity and Efficiency, Central Intelligence Agency, Department of Defense, Department of Education, Department of Health and Human Services, Department of Homeland Security, Department of the Interior, Department of Justice, Department of State, Department of Transportation, Office of the Director of National Intelligence, and United States Agency for International Development pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.      Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiff Legal Eagle, LLC ("Legal Eagle") is a business headquartered in the District of Columbia. Legal Eagle runs the LegalEagle YouTube channel (https://www.youtube.com/legaleagle), which is the most popular YouTube channel focused on legal issues—as well as one of the fastest growing educational channels in the world—with more than one million subscribers, ten million monthly views, and 100 million total video views. Legal Eagle is accordingly a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

4.     Defendant Council of the Inspectors General on Integrity and Efficiency ("CIGIE") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

5.     Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

6.     The Office of Inspector General ("CIA OIG") is a CIA component.

7.     Defendant Department of Defense ("DOD") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

8.     The DOD Office of Inspector General ("DODIG") and United States Special Operations Command ("SOCOM") Office of the Inspector General ("SOCOM OIG") are DOD components.

9.     Defendant Department of Education ("Education") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

10.    The Office of Inspector General ("Education OIG") is an Education component.

11.    Defendant Department of Health and Human Services ("HHS") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

12.    The Office of Inspector General ("HHS OIG") is an HHS component.

13.    Defendant Department of Homeland Security ("DHS") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

14.    The Office of Inspector General ("DHS OIG") is a DHS component.

15.    Defendant Department of the Interior ("DOI") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

16.    The Office of Inspector General ("DOI OIG") is a DOI component.

17.    Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

18.    The Office of the Inspector General ("DOJ OIG") is a DOJ component.

19.    Defendant Department of State ("State") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

20.    The Office of Inspector General ("State OIG") is a State component.

21.    Defendant Department of Transportation ("DOT") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

22.    The Office of Inspector General ("DOT OIG") is a DOT component.

23.    Defendant Office of the Director of National Intelligence ("ODNI") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

24.     The Office of the Intelligence Community Inspector General ("ICIG") is an ODNI component.

25.     Defendant United States Agency for International Development ("USAID") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

26.     The Office of Inspector General ("USAID OIG") is a USAID component.

## BACKGROUND

### PART I: OVERSIGHT OF INSPECTORS GENERAL

27.     Inspectors General are semi-independent watchdogs operating inside of Executive Branch agencies tasked with, *inter alia*, investigating allegations of waste, fraud, or abuse made against the parent agencies.

28.     Because Inspectors General are the watchdogs, special provisions exist for conducting oversight of their offices or investigating allegations of waste, fraud, or abuse leveled against them or members of their staff.

29.     One such special provision involves the CIGIE Integrity Committee, which is tasked with receiving, reviewing, and referring for investigation, as appropriate, allegations of wrongdoing made against an Inspector General or their staff.

30.     Inspectors General are also subject to Congressional oversight, which is generally—but not exclusively—conducted by the committees with jurisdiction over their parent agencies.

31.     Inspectors General of cabinet departments and major federal agencies are generally appointed by the President of the United States with the advice and consent of the

Senate and accordingly serve at the pleasure of the President, although the President must inform Congress—with a reason—at least thirty days in advance of firing such an Inspector General.

32.     Inspectors General of smaller entities or agency components are generally either career federal employees or political appointees of the head of the parent agency.

### PART II: ALLEGATIONS OF MISCONDUCT BY INSPECTORS GENERAL

33.     Since the inauguration of President Donald Trump in 2017, there have been numerous allegations of misconduct by several Inspectors General or their offices.

34.     President Trump himself fired two permanent Inspectors General and replaced three acting Inspectors General between April and May 2020.

35.     On 3 April 2020, President Trump informed Congress that he was firing Intelligence Community Inspector General Michael Atkinson because he did not "have the fullest confidence in" Mr. Atkinson.

36.     On 7 April 2020, President Trump replaced DOD Acting Inspector General Glenn Fine, citing "reports of bias."

37.     On 1 May 2020, President Trump replaced HHS Acting Inspector General Christi Grimm after describing an OIG report she authored as "just wrong" and a "fake dossier."

38.     On 15 May 2020, President Trump informed Congress that he was firing State Inspector General Steve Linick because he did not "have the fullest confidence in" Mr. Linick.

39.     On 15 May 2020, President Trump replaced DOT Acting Inspector General Mitch Behm without providing a reason.

40.     Furthermore, on 5 August 2020, State Acting Inspector Stephen Akard— President Trump's replacement for Mr. Linick—resigned without providing a reason.

41.     Several other Inspectors General—most of whom continue to serve in that capacity—have faced specific allegations of misconduct from the President, Congress, or the media since 2017.

## PART III: LEGAL EAGLE'S REQUESTS

42.     The LegalEagle YouTube channel features a recurring segment entitled "Real Law Review," in which the host explains the legal issues behind major stories in the news—such as discussions about executive power, privileges, impeachment, and related issues—for a general audience.

43.     Recognizing the significance of the unusually high number of allegations of misconduct being leveled against Inspectors General across the Executive Branch, Legal Eagle submitted a series of FOIA requests between August and September 2020 with the intention of obtaining more information about these allegations and how they were handled, as well as certain related information which would provide context.

44.     To that end, Legal Eagle submitted four types of FOIA requests designed to elicit the information it was seeking.

45.     In recognition of the oversight and investigatory role of the CIGIE Integrity Committee, Legal Eagle submitted one FOIA request to CIGIE for records documenting allegations of misconduct made against eighteen Inspectors General or their offices: CIA, Department of Commerce, DOD, Education, HHS, DHS, DOI, DOJ, Department of Labor, State, DOT, Department of Veterans Affairs, Environmental Protection Agency, ICIG, Special Inspector General for Afghanistan Reconstruction, SOCOM OIG, and USAID ("the CIGIE Request").

46.     In recognition of the oversight role of Congress, Legal Eagle also submitted one FOIA request to each of the eighteen offices identified in the CIGIE Request for records documenting correspondence with Congress about allegations of misconduct made against each office ("the Congressional Request").

47.     In recognition that the brief tenure of Mr. Akard as State Acting Inspector General would mean that the universe of correspondence he personally exchanged would be both manageable and illustrative of his involvement in any of the above events, Legal Eagle also submitted one FOIA request to State for all emails sent or received by Mr. Akard during his tenure ("the Akard Emails Request").

48.     Lastly, Legal Eagle submitted one FOIA request to CIA for two specific CIA OIG documents—the Investigations Manual and Whistleblower Reprisal Investigations Handbook for Investigators—which were prominently cited by CIA Acting Inspector General Christopher Sharpley during his Senate confirmation hearing ("the CIA Manuals Request").

49.     Legal Eagle has received no records as of this writing.

## CAUSES OF ACTION

### *PART I: THE CIGIE REQUEST*

### FIRST CAUSE OF ACTION

### (CIGIE – CONSTRUCTIVE RECORDS DENIAL – 6330-2020-62)

50.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

51.     On 7 August 2020, Legal Eagle submitted a version of the CIGIE Request to CIGIE which only included fourteen agencies, which it supplemented on 14 August 2020 with the remaining four agencies.

52.     On 14 August 2020, CIGIE acknowledged receipt of this request and assigned it Req. No. 6330-2020-62.

53.     CIGIE has not issued a final response to this request as of this writing.

54.     As twenty working days have elapsed without a substantive determination by CIGIE regarding this request, Legal Eagle has exhausted all required administrative remedies.

55.     Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIGIE of said right.

## *PART II: THE CONGRESSIONAL REQUESTS*

## SECOND CAUSE OF ACTION

## (CIA – CONSTRUCTIVE RECORDS DENIAL – F-2020-02169)

56.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

57.     On 3 September 2020, Legal Eagle submitted to CIA a CIA-specific version of the Congressional Request.

58.     On 3 September 2020, CIA acknowledged receipt of this request and assigned it Req. No. F-2020-01269.

59.     CIA has not issued a final response to this request as of this writing.

60.     As twenty working days have elapsed without a substantive determination by CIA regarding this request, Legal Eagle has exhausted all required administrative remedies.

61.     Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## THIRD CAUSE OF ACTION

### (DOD – CONSTRUCTIVE RECORDS DENIAL – DODOIG-2020-00180)

62.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

63.     On 3 September 2020, Legal Eagle submitted to DODIG a DODIG-specific version of the Congressional Request.

64.     On 8 September 2020, DODIG acknowledged receipt of this request and assigned it Req. No. DODOIG-2020-00180.

65.     DODIG has not issued a final response to this request as of this writing.

66.     As twenty working days have elapsed without a substantive determination by DODIG regarding this request, Legal Eagle has exhausted all required administrative remedies.

67.     Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by DOD of said right.

## FOURTH CAUSE OF ACTION

### (DOD – CONSTRUCTIVE RECORDS DENIAL – 2020-271)

68.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

69.     On 3 September 2020, Legal Eagle submitted to SOCOM a SOCOM-specific version of the Congressional Request.

70.     On 8 October 2020, SOCOM acknowledged receipt of this request and assigned it Req. No. 2020-271.

71.     SOCOM has not issued a final response to this request as of this writing.

72.     As twenty working days have elapsed without a substantive determination by SOCOM regarding this request, Legal Eagle has exhausted all required administrative remedies.

73.     Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by DOD of said right.

## FIFTH CAUSE OF ACTION

### (EDUCATION – CONSTRUCTIVE RECORDS DENIAL – 20-00020-F-IG)

74.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

75.     On 3 September 2020, Legal Eagle submitted to Education OIG an Education-specific version of the Congressional Request.

76.     On 10 September 2020, Education OIG acknowledged receipt of this request and assigned it Req. No. 20-00020-F-IG.

77.     Education OIG has not issued a final response to this request as of this writing.

78.     As twenty working days have elapsed without a substantive determination by Education OIG regarding this request, Legal Eagle has exhausted all required administrative remedies.

79.     Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by Education of said right.

## SIXTH CAUSE OF ACTION

### (HHS – CONSTRUCTIVE RECORDS DENIAL – OIG-20-2263-AP)

80.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

81.     On 3 September 2020, Legal Eagle submitted to HHS OIG an HHS-specific version of the Congressional Request.

82.     On 3 September 2020, HHS OIG acknowledged receipt of this request and assigned it Req. No. OIG-20-2263-AP.

83.     HHS OIG has not issued a final response to this request as of this writing.

84.     As twenty working days have elapsed without a substantive determination by HHS OIG regarding this request, Legal Eagle has exhausted all required administrative remedies.

85.     Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by HHS of said right.

**SEVENTH CAUSE OF ACTION**

**(DHS – CONSTRUCTIVE RECORDS DENIAL – 2020-IGFO-00207)**

86.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

87.     On 3 September 2020, Legal Eagle submitted to DHS OIG a DHS-specific version of the Congressional Request.

88.     On 10 September 2020, DHS OIG acknowledged receipt of this request and assigned it Req. No. 2020-IGFO-00207.

89.     DHS OIG has not issued a final response to this request as of this writing.

90.     As twenty working days have elapsed without a substantive determination by DHS OIG regarding this request, Legal Eagle has exhausted all required administrative remedies.

91.     Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by DHS of said right.

## EIGHTH CAUSE OF ACTION

## (DOI – CONSTRUCTIVE RECORDS DENIAL – OIG-2020-00222)

92.    Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

93.    On 3 September 2020, Legal Eagle submitted to DOI OIG a DOI-specific version of the Congressional Request.

94.    On 10 September 2020, DOI OIG acknowledged receipt of this request and assigned it Req. No. OIG-2020-00222.

95.    DOI OIG has not issued a final response to this request as of this writing.

96.    As twenty working days have elapsed without a substantive determination by DOI OIG regarding this request, Legal Eagle has exhausted all required administrative remedies.

97.    Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by DOI of said right.

## NINTH CAUSE OF ACTION

## (DOJ – CONSTRUCTIVE RECORDS DENIAL – 20-OIG-349)

98.    Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

99.    On 3 September 2020, Legal Eagle submitted to DOJ OIG a DOJ-specific version of the Congressional Request.

100.    On 3 September 2020, DOJ OIG acknowledged receipt of this request and assigned it Req. No. 20-OIG-349.

101.    DOJ OIG has not issued a final response to this request as of this writing.

14

102.     As twenty working days have elapsed without a substantive determination by DOJ OIG regarding this request, Legal Eagle has exhausted all required administrative remedies.

103.     Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by DOJ of said right.

## TENTH CAUSE OF ACTION

### (STATE – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN NO. 1)

104.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

105.     On 3 September 2020, Legal Eagle submitted to State OIG a State-specific version of the Congressional Request.

106.     State OIG has not issued a response to this request as of this writing.

107.     As twenty working days have elapsed without a substantive determination by State OIG regarding this request, Legal Eagle has exhausted all required administrative remedies.

108.     Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by State of said right.

## ELEVENTH CAUSE OF ACTION

### (DOT – CONSTRUCTIVE RECORDS DENIAL – FI-2020-0134)

109.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

110.     On 3 September 2020, Legal Eagle submitted to DOT OIG a DOT-specific version of the Congressional Request.

111.     On 15 September 2020, DOT OIG acknowledged receipt of this request and assigned it Req. No. FI-2020-0134.

15

112.    DOT OIG has not issued a final response to this request as of this writing.

113.    As twenty working days have elapsed without a substantive determination by DOT OIG regarding this request, Legal Eagle has exhausted all required administrative remedies.

114.    Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by DOT of said right.

### TWELFTH CAUSE OF ACTION

### (ODNI – CONSTRUCTIVE RECORDS DENIAL – DF-2020-00346)

115.    Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

116.    On 3 September 2020, Legal Eagle submitted to ODNI an ICIG-specific version of the Congressional Request.

117.    On 9 September 2020, ODNI acknowledged receipt of this request and assigned it Req. No. DF-2020-00346.

118.    ODNI has not issued a final response to this request as of this writing.

119.    As twenty working days have elapsed without a substantive determination by ODNI regarding this request, Legal Eagle has exhausted all required administrative remedies.

120.    Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by ODNI of said right.

### THIRTEENTH CAUSE OF ACTION

### (USAID – CONSTRUCTIVE RECORDS DENIAL – F-00380-20)

121.    Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

122.     On 3 September 2020, Legal Eagle submitted to USAID a USAID-specific version of the Congressional Request.

123.     On 8 October 2020, USAID acknowledged receipt of this request and assigned it Req. No. F-00380-20.

124.     USAID has not issued a final response to this request as of this writing.

125.     As twenty working days have elapsed without a substantive determination by USAID regarding this request, Legal Eagle has exhausted all required administrative remedies.

126.     Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by USAID of said right.

## *PART III: OTHER REQUESTS*

## FOURTEENTH CAUSE OF ACTION

## (STATE – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN NO. 2)

127.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

128.     On 3 September 2020, Legal Eagle submitted the Akard Emails Request to State OIG.

129.     On 22 September 2020, State OIG requested that Legal Eagle narrow the request, which Legal Eagle advised it was unable to do.

130.     State OIG has not issued a final response to this request as of this writing.

131.     As twenty working days have elapsed without a substantive determination by State OIG regarding this request, Legal Eagle has exhausted all required administrative remedies.

132.     Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by State of said right.

**FIFTEENTH CAUSE OF ACTION**

**(CIA – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN NO. 3)**

133.    Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

134.    On 3 September 2020, Legal Eagle submitted the CIA Manuals Request to CIA.

135.    CIA has not issued a response to this request as of this writing.

136.    As twenty working days have elapsed without a substantive determination by CIA regarding this request, Legal Eagle has exhausted all required administrative remedies.

137.    Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Legal Eagle, LLC prays that this Court:

(1)    Order the Council of the Inspectors General on Integrity and Efficiency, Central Intelligence Agency, Department of Defense, Department of Education, Department of Health and Human Services, Department of Homeland Security, Department of the Interior, Department of Justice, Department of State, Department of Transportation, Office of the Director of National Intelligence, and United States Agency for International Development to release all requested records to it;

(2)    Order the Defendants who have not yet adjudicated Legal Eagle's requests to be classified as a representative of the news media and receive a public interest fee waiver to provide all responsive records at no charge.

(3)    Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(4)     Award reasonable costs and attorneys' fees as provided in 5 U.S.C. §

552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(5)     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(6)     Grant such other relief as the Court may deem just and proper.

Date:   October 9, 2020

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*