UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEGAL EAGLE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COUNCIL OF THE INSPECTORS GENERAL ON INTEGRITY AND EFFICIENCY, *et al.*, <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No. 20-2896 (DLF) |

## ANSWER

Defendants Council of the Inspectors General on Integrity and Efficiency ("CIGIE"), Central Intelligence Agency ("CIA"), Department of Defense ("DOD"), Department of Education ("Education"), Department of Health and Human Services ("HHS"), Department of Homeland Security ("DHS"), Department of the Interior ("Interior"), Department of Justice ("DOJ"), Department of State ("State"), Department of Transportation ("Transportation"), Office of the Director of National Intelligence ("ODNI"), and United States Agency for International Development ("USAID"), by and through undersigned counsel, respectfully submit this Answer to Plaintiff's Complaint. Defendants respond specifically to each numbered paragraph of the Complaint as follows:

## DEFENDANTS' RESPONSES TO THE NUMBERED PARAGRAPHS

Defendants deny all allegations in the Complaint, including the relief sought, except when specifically admitted in this Answer. Defendants respond to the specifically enumerated paragraphs as follows:

## JURISDICTION[1]

1.      The allegations contained in Paragraph 1 consist of conclusions of law regarding jurisdiction, to which no response is required.  To the extent that a response is required, Defendants admit only that this Court has jurisdiction subject to the limitations of the FOIA.  Defendants further aver that the statutes cited speak for themselves.

## VENUE

2.      The allegations contained in Paragraph 2 consist of Plaintiff's conclusions of law regarding venue, to which no response is required.  To the extent that a response is required, Defendants aver that 5 U.S.C. § 552(a)(4)(B) governs venue in actions brought pursuant to the FOIA, and that venue is proper in this judicial district.

## PARTIES

3.      The allegations contained in Paragraph 3 consist of Plaintiff's characterization of itself, to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations.

4.      Defendants admit that CIGIE is a federal agency subject to the provisions of the FOIA 5 U.S.C. § 552, *et seq*.  The remaining allegations consist of Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations contained in Paragraph 4.

---

[1] For ease of reference, Defendants' Answer replicates the headings contained in the Amended Complaint.  Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles may be construed to contain factual allegations, those allegations are denied.

5.      Defendants admit that CIA is a federal agency subject to the provisions of the FOIA 5 U.S.C. § 552, *et seq*.  The remaining allegations consist of Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations contained in Paragraph 5.

6.      Defendants admit.

7.      Defendants admit that DOD is a federal agency subject to the provisions of the FOIA 5 U.S.C. § 552, *et seq*.  The remaining allegations consist of Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations contained in Paragraph 7.

8.      Defendants deny. The Department of Defense Office of Inspector General ("DOD OIG") was established in 1982, and the mission of the DOD OIG as established by the Inspector General Act of 1978, as amended, (5 U.S.C. Appendix) is to serve as an independent and objective office in DOD.  DOD OIG is an agency within the meaning of 5 U.S.C. § 552(f)(1).

9.      Defendants admit that Education is a federal agency subject to the provisions of the FOIA 5 U.S.C. § 552, *et seq*.  The remaining allegations consist of Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations contained in Paragraph 9.

10.     Defendants admit.

11.     Defendants admit that HHS is a federal agency subject to the provisions of the FOIA 5 U.S.C. § 552, *et seq*.  The remaining allegations consist of Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations contained in Paragraph 11.

12.     Defendants admit.

13.     Defendants admit that DHS is a federal agency subject to the provisions of the FOIA 5 U.S.C. § 552, *et seq*.  The remaining allegations consist of Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations contained in Paragraph 13.

14.     Defendants admit.

15.     Defendants admit that Interior is a federal agency subject to the provisions of the FOIA 5 U.S.C. § 552, *et seq*.  For clarification, the Department of the Interior Office of the Inspector General ("DOI OIG") has a separate and distinct FOIA program from Interior.  The remaining allegations consist of Plaintiff's conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations contained in Paragraph 15.

16.     Defendants admit.

17.     Defendants admit that DOJ is a federal agency subject to the provisions of the FOIA 5 U.S.C. § 552, *et seq*.  The remaining allegations consist of Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations contained in Paragraph 17.

18.     Defendants admit.

19.     Defendants admit that State is a federal agency subject to the provisions of the FOIA 5 U.S.C. § 552, *et seq*.  The remaining allegations consist of Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations contained in Paragraph 19.

20.     Defendants admit.

21.     Defendants admit that Transportation is a federal agency subject to the provisions

of the FOIA 5 U.S.C. § 552, *et seq*.  The remaining allegations consist of Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations contained in Paragraph 21.

22.    Defendants admit.

23.    Defendants admit that ODNI is a federal agency subject to the provisions of the FOIA 5 U.S.C. § 552, *et seq*.  The remaining allegations consist of Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations contained in Paragraph 23.

24.    Defendants admit.

25.    Defendants admit that USAID is a federal agency subject to the provisions of the FOIA 5 U.S.C. § 552, *et seq*.  The remaining allegations consist of Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations contained in Paragraph 25.

26.    Defendants admit.

## BACKGROUND

### *PART I: OVERSIGHT OF INSPECTORS GENERAL*

27-32.    The allegations otherwise contained in Paragraphs 27-32 do not set forth claims of relief or aver facts in support of a claim, to which a response is required. To the extent that a response is required, Defendants deny, or are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs.

### *PART II: ALLEGATIONS OF MISCONDUCT BY INSPECTORS GENERAL*

33-41.    The allegations otherwise contained in Paragraphs 33-41 do not set forth claims of relief or aver facts in support of a claim, to which a response is required. To the extent that a

response is required, Defendants deny, or are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs

### PART III: LEGAL EAGLE'S REQUESTS

42.     The allegations contained in Paragraph 42 consist of Plaintiff's characterization of itself, to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations.

43.     Defendants admit that they received FOIA requests from Plaintiff submitted between August and September 2020.

44.     The allegation in Paragraph 44 characterizes the contents of Plaintiff's FOIA requests, to which no response is required.  Defendants respectfully refer the Court to the FOIA requests as the best evidence of its contents and deny any allegations inconsistent therewith.

45.     The allegation in Paragraph 45 characterizes the contents of Plaintiff's FOIA request to CIGIE, to which no response is required.  Defendants respectfully refer the Court to the FOIA request as the best evidence of its contents and deny any allegations inconsistent therewith.

46.     The allegation in Paragraph 46 characterizes the contents of Plaintiff's FOIA request to all Defendants, to which no response is required.  Defendants respectfully refer the Court to the FOIA requests as the best evidence of their contents and deny any allegations inconsistent therewith.

47.     The allegation in Paragraph 47 characterizes the contents of Plaintiff's FOIA request to State, to which no response is required.  Defendants respectfully refer the Court to the FOIA request as the best evidence of its contents and deny any allegations inconsistent therewith.

48.     The allegation in Paragraph 48 characterizes the contents of Plaintiff's FOIA

request to CIA, to which no response is required.  Defendants respectfully refer the Court to the

FOIA request as the best evidence of its contents and deny any allegations inconsistent therewith.

The remainder of the paragraph contains Plaintiff's characterization of testimony during a hearing,

not allegations of fact, to which no response is required.  To the extent that a response is required,

Defendant CIA lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in this paragraph.

49.     Defendants deny in part. CIGIE produced an interim response on August 14, 2020,

and Education OIG responded in full on September 10, 2020.

## CAUSES OF ACTION

### PART I: THE CIGIE REQUEST

### FIRST CAUSE OF ACTION

### (CIGIE – CONSTRUCTIVE RECORDS DENIAL – 6330-2020-62)

50.     Defendants incorporate by reference their responses set forth above.

51.     Defendant CIGIE denies.  Plaintiff's original FOIA request to CIGIE, dated August

7, 2020, covered a total of thirteen offices, not fourteen.  The amended request, dated August 14,

2020, added another four offices, bringing the total to seventeen offices, not eighteen.

52.     CIGIE admits that it acknowledged receipt and assigned the request tracking

number 6330-2020-62.  CIGIE also avers that their letter included an initial interim response.

53.     Admit.

54.     The allegations contained in Paragraph 54 are Plaintiff's conclusions of law, to

which no response is required.  To the extent that a response is required, Defendants deny the

allegations.

55.     The allegations contained in Paragraph 55 are Plaintiff's conclusions of law, to

which no response is required.  To the extent that a response is required, Defendants deny the allegations.

## PART II: THE CONGRESSIONAL REQUESTS

## SECOND CAUSE OF ACTION

## (CIA – CONSTRUCTIVE RECORDS DENIAL – F-2020-02169)

56.     Defendants incorporate by reference their responses set forth above.

57.     Admit.

58.     Admit.

59.     Admit.

60.     The allegations contained in Paragraph 60 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

61.     The allegations contained in Paragraph 61 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

## THIRD CAUSE OF ACTION

## (DOD – CONSTRUCTIVE RECORDS DENIAL – DODOIG-2020-00180)

62.     Defendants incorporate by reference their responses set forth above.

63.     Admit.

64.     Admit.

65.     Admit.

66.     The allegations contained in Paragraph 66 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the

allegations.

67.     The allegations contained in Paragraph 67 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

## FOURTH CAUSE OF ACTION

### (DOD – CONSTRUCTIVE RECORDS DENIAL – 2020-271)

68.     Defendants incorporate by reference their responses set forth above.

69.     Admit.

70.     Admit.

71.     Admit.

72.     The allegations contained in Paragraph 72 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

73.     The allegations contained in Paragraph 73 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

## FIFTH CAUSE OF ACTION

### (EDUCATION – CONSTRUCTIVE RECORDS DENIAL – 20-00020-F-IG)

74.     Defendants incorporate by reference their responses set forth above.

75.     Admit.

76.     Deny.  On September 3, 2020, Education acknowledged receipt of this request and assigned it Request No. 20-00020-F-IG.

77.     Deny.   Education responded to this request in full on September 10, 2020 by

informing the requester that it had conducted a search for records and found no records responsive to the request. Defendants further respectfully refer the Court to the FOIA requests as the best evidence of its contents and deny any allegations inconsistent therewith.  Education did not receive an administrative appeal from Plaintiff regarding its September 10, 2020 response.

78.     Deny.  With respect to the first clause of this sentence, Defendants refer the court to its response to Paragraph 77. The allegations contained in the remainder of Paragraph 78 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

79.     The allegations contained in Paragraph 79 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

## SIXTH CAUSE OF ACTION

### (HHS – CONSTRUCTIVE RECORDS DENIAL – OIG-20-2263-AP)

80.     Defendants incorporate by reference their responses set forth above.

81.     Admit.

82.     Admit.

83.     Admit.

84.     The allegations contained in Paragraph 84 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

85.     The allegations contained in Paragraph 85 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

## SEVENTH CAUSE OF ACTION

## (DHS – CONSTRUCTIVE RECORDS DENIAL – 2020-IGFO-00207)

86.    Defendants incorporate by reference their responses set forth above.

87.    Admit.

88.    Admit.

89.    Admit.

90.    The allegations contained in Paragraph 90 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

91.    The allegations contained in Paragraph 91 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

## EIGHTH CAUSE OF ACTION

## (DOI – CONSTRUCTIVE RECORDS DENIAL – OIG-2020-00222)

92.    Defendants incorporate by reference their responses set forth above.

93.    Admit.

94.    Admit.

95.    Defendant DOI OIG admits as of the date of the complaint, October 09, 2020, DOI OIG had not issued a final response via determination letter to the Plaintiff's FOIA request. However, the DOI OIG as working on the Plaintiff's FOIA request as of October 5, 2020, and promptly issued a final response via determination letter to the Plaintiff on October 27, 2020, notifying the Plaintiff that the DOI OIG had no responsive documents.

96.    The allegations contained in Paragraph 96 are Plaintiff's conclusions of law, to

- 11 -

which no response is required.  To the extent that a response is required, Defendants deny the allegations.

97.    The allegations contained in Paragraph 97 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

**NINTH CAUSE OF ACTION**

**(DOJ – CONSTRUCTIVE RECORDS DENIAL – 20-OIG-349)**

98.    Defendants incorporate by reference their responses set forth above.

99.    Admit.

100.    Admit.

101.    Admit.

102.    The allegations contained in Paragraph 102 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

103.    The allegations contained in Paragraph 103 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

**TENTH CAUSE OF ACTION**

**(STATE – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN NO. 1)**

104.    Defendants incorporate by reference their responses set forth above.

105.    Admit.

106.    Admit.

107.    The allegations contained in Paragraph 107 are Plaintiff's conclusions of law, to

which no response is required.  To the extent that a response is required, Defendants deny the allegations.

108.    The allegations contained in Paragraph 108 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

## ELEVENTH CAUSE OF ACTION

## (DOT – CONSTRUCTIVE RECORDS DENIAL – FI-2020-0134)

109.    Defendants incorporate by reference their responses set forth above.

110.    Admit.

111.    Admit.

112.    Defendant DOT admits as of the date of the complaint, DOT had not issued a final response via determination letter to the Plaintiff's FOIA request. However, DOT was working on the Plaintiff's FOIA request as of September 9, 2020, and promptly issued a final response via determination letter to the Plaintiff on November 10, 2020, notifying the Plaintiff that DOT had no responsive documents.

113.    The allegations contained in Paragraph 113 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

114.    The allegations contained in Paragraph 114 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

## TWELFTH CAUSE OF ACTION

## (ODNI – CONSTRUCTIVE RECORDS DENIAL – DF-2020-00346)

115.    Defendants incorporate by reference their responses set forth above.

116.    Admit.

117.    Admit.

118.    Admit.

119.    The allegations contained in Paragraph 119 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

120.    The allegations contained in Paragraph 120 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

**THIRTEENTH CAUSE OF ACTION**

**(USAID – CONSTRUCTIVE RECORDS DENIAL – F-00380-20)**

121.    Defendants incorporate by reference their responses set forth above.

122.    Admit.

123.    Admit.

124.    Admit.

125.    The allegations contained in Paragraph 125 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

126.    The allegations contained in Paragraph 126 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

*PART III: OTHER REQUESTS*

**FOURTEENTH CAUSE OF ACTION**

**(STATE – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN NO. 2)**

127.    Defendants incorporate by reference their responses set forth above.

128.    Admit.

129.    Admit.

130.    Admit.

131.    The allegations contained in Paragraph 131 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

132.    The allegations contained in Paragraph 132 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

**FIFTEENTH CAUSE OF ACTION**

**(CIA – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN NO. 3)**

133.    Defendants incorporate by reference their responses set forth above.

134.    Defendant CIA admits that Plaintiff submitted a FOIA request to CIA but avers that the request is dated September 2, 2020.  Defendant CIA respectfully refers the Court to Plaintiff's request as the best evidence of its contents and denies any allegations inconsistent therewith.

135.    Defendant CIA denies this allegation and further states that it sent Plaintiff a letter, dated October 14, 2020, acknowledging receipt.  Defendant respectfully refers the Court to Defendant's letter as the best evidence of its contents and denies any allegations inconsistent therewith.

136.    The allegations contained in Paragraph 136 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations, as this FOIA request was received only one day before this Complaint was filed.

137.    The allegations contained in Paragraph 137 are Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

<u>**PRAYER FOR RELIEF**</u>

The remainder of the Complaint consists of Plaintiff's Prayer for Relief, to which no response is required.  To the extent that this paragraph is deemed to contain factual allegations, Defendants deny those allegations and denies that Plaintiff is entitled to any relief whatsoever from the Defendant.

<u>**DEFENSES**</u>

**FIRST DEFENSE**

Any information that Defendant has withheld, or will withhold, in response to Plaintiff's FOIA request may be exempt in whole or in part from public disclosure under FOIA.

**SECOND DEFENSE**

Plaintiff's claims in this action are improper to the extent Plaintiff failed to satisfy prerequisites to suit in not exhausting their administrative remedies under FOIA regarding FOIA Request 17-F-0790, including any requests or allegations that are not contained in a FOIA request at issue in this action.

**THIRD DEFENSE**

Plaintiff has not alleged sufficient factual and/or legal bases for its request for costs and/or attorney's fees.

**FOURTH DEFENSE**

Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

Dated: November 18, 2020                   Respectfully submitted,

                                           MICHAEL R. SHERWIN
                                           Acting United States Attorney

                                           DANIEL F. VAN HORN,
                                           D.C. BAR # 924092
                                           Chief, Civil Division

                              By:          /s/*Kristin D. Brudy-Everett*
                                           KRISTIN D. BRUDY-EVERETT
                                           Assistant United States Attorney
                                           Judiciary Center Building
                                           555 4th St., N.W.
                                           Washington, D.C.  20530
                                           (202) 252-2536
                                           Kristin.Brudy-Everett@usdoj.gov

                                           *Counsel for Defendant*